WIDENER, Circuit Judge,
dissenting.
I respectfully dissent.
The majority’s disposition of this matter is contrary to the rule that a denial of a motion for summary judgment is not an appealable order. See Hensley v. Horne, 297 F.3d 344, 347 (4th Cir.2002).
Restoration Hardware’s brief accompanying its motion for summary judgment argued that plaintiffs failed to produce any direct or circumstantial evidence that the lights were defective at the time they left Restoration Hardware’s control. Whatever the merits of that argument, the district court did not grant the motion for summary judgment on that ground, and the ground is not mentioned in its opinion. The district court held that Restoration Hardware was protected by the sealed container defense. Thus, the motion for summary judgment based upon plaintiffs’ failing to produce sufficient evidence of defect was not acted upon and is therefore considered to be denied. See Cedar Coal Co. v. United Mine Wkrs. of America, 560 F.2d 1153, 1161 (4th Cir.1977) (“the failure to hear the motion for the preliminary injunction cannot be taken as inadvertence; rather it may only be construed as a conscious denial of a hearing on the motion”).
*32 Even if the majority, in its footnote 4, is correct in declining to apply Cedar Coal as a denial of the motion for summary judgment on the ground upon which it presently relies, its reliance on Keller and Egbuna also should be of no avail. Both Keller and Egbuna are based on Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The majority, however, does not mention the critical parts of Chenery.
The appellate decision must be ... within the power of the appellate court to formulate.
318 U.S. at 88.
And
... a judicial judgment cannot be made to do service for an administrative judgment [which was not made].
318 U.S. at 88.
This appellate court has no power to review the denial of a motion for summary judgment. Certainly it should have no power to review the mere failure to act on a motion for summary judgment.
If the appellate court in Chenery was not authorized to make the decision the Agency was authorized to make and had not made, then it should follow that this appellate court should not be authorized to make a decision which the district court was authorized to make but simply had not made.
In my opinion, the judgment of the district in this case court should be vacated and the case remanded for further consideration.